# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. TICE<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | Case No. SACV 04-0969 JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. SECTION 406(b) |

**BACKGROUND**

On August 17, 2004, Michael D. Tice ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for Social Security disability and Supplemental Security Income benefits. On September 13, 2004, plaintiff and Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a joint Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On April 15, 2005 defendant filed an Answer to the Complaint. Thereafter, on June 22, 2005, the parties filed their Joint Stipulation.

On October 6, 2005, this Court remanded the case and instructed the Administrative Law Judge to recontact and seek clarification from plaintiff's treating sources to remedy the errors outlined in the Court's Memorandum Opinion and Order. On November 30, 2005, the Court

entered an Order granting plaintiff's counsel the sum of $3,028.25 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

After conducting a supplemental hearing, the ALJ determined that plaintiff was entitled to benefits. (See Declaration of Bill LaTour ["LaTour Decl."] ¶ 3, Exh. 3). Thereafter, the Commissioner sent plaintiff a Notice of Award indicating an award of retroactive benefits under Title II to plaintiff in the sum of $51,717.50 and to plaintiff's children in the sum of $27,582.50. (See LaTour Decl. ¶ 4, Exh. 4, 4a, 4b).

On August 5, 2008, plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. Section 406(b) ("Motion"). On August 22, 2008, defendant filed a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response"). On August 27, 2008, plaintiff filed a Reply to Defendant's Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Reply").

**DISCUSSION**

Congress authorized payment of a reasonable fee for representation of a successful social security claimant. 42 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgment. 42 U.S.C. § 406(b)(1)(A). This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Id. Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary and that the fee sought is reasonable for the services rendered in the course of his or her representation before the district court. Id.

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. Id. In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the

1  representation and the results the representation achieved. Gisbrecht, 535 U.S. at 808. For
2  example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will
3  not profit from the accumulation of benefits during the pendency of the case in court." Id.
4  Similarly, if the benefits are large in comparison to the amount of time counsel spent on the
5  case, a downward adjustment is in order to avoid a windfall for the attorney. Id.; see also Ellick
6  v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the
7  case in comparison to the amount of benefits now owing, and the issues briefed in the summary
8  judgment motion were neither novel nor complex."). If the contingent fee is found to be
9  unreasonable, the court must adjust the attorney's recovery accordingly. Gisbrecht, 535 U.S.
10 at 808.

11     Here, plaintiff is a successful social security claimant and plaintiff's attorney may be
12 awarded a reasonable fee under Section 406(b). See 42 U.S.C. § 406(b)(1)(A) ("Whenever a
13 court renders a judgment favorable to a claimant under [Title II] who was represented before
14 the court by an attorney, the court may determine and allow as part of its judgment a
15 reasonable fee for such representation, not in excess of 25 percent of the total of the past-due
16 benefits to which the claimant is entitled by reason of such judgment . . . ").

17     On August 6, 2004, plaintiff entered into a contingent fee agreement with his attorney.
18 (See LaTour Decl. ¶ 2, Exh. 8). Under the terms of the contingent fee agreement, plaintiff
19 agreed that his counsel would receive a fee equal to 25 percent of the total retroactive benefits
20 awarded to him and his family up to the date of the decision awarding benefits. (See LaTour
21 Decl. ¶ 2, Exh. 8 ¶ 4). Thus, the contingent fee agreement provides for a fee that falls within
22 the acceptable range provided by Section 406(b). In addition, there is no basis to find, and
23 none is alleged, that the contingent fee agreement itself is invalid based on fraud or other
24 grounds.

25     Upon finding a valid contingent fee agreement between a successful social security
26 claimant and his or her attorney, the Court must determine whether the contingent fee is
27 reasonable for the services rendered. Gisbrecht, 535 U.S. at 807. Here, plaintiff's counsel
28 proposes to collect a fee of $11,202.25 based on 10.75 hours of attorney time, and 11.75 hours

of paralegal time for representation before the district court. (Motion at 7-8; LaTour Decl. ¶ 5, Exh. 6; Reply at 2). Plaintiff's counsel previously received an award of $5,300.00 in administrative fees for representation before the Social Security Administration and an award of $3,082.25 under the Equal Access to Justice Act ("EAJA") for representation before the district court. (Reply at 1-2).

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel and his paralegal spent working on the case before the district court. See Gisbrecht, 535 U.S. at 808-09. (See LaTour Decl. ¶ 5, Exh. 6). After considering the reasonableness of the fee request in light of the particular circumstances of this case and the risks associated with representation of numerous social security claimants on a contingent fee basis, the Court finds that $11,202.25 for 10.75 hours of attorney time and 11.75 hours of paralegal time for representation before the district court is reasonable.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for attorney fees is **GRANTED**. Attorney fees under Section 406(b) are awarded in the gross amount of $11,202.25, to be paid out of the sums withheld by the Commissioner from the benefits awarded to plaintiff and his family. Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $3,028.25 to offset the fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: September 18, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE